## Klett *et al.* versus Claridge *et al.*

An agreement, in consideration of the receipt of defendants' promissory note, on account of the claim, to stay proceedings on an execution against them, and to enter satisfaction on the judgment, "when notes to be agreed upon are given," in the absence of proof of the giving of such other notes, is no defence to a suit on the note received.

If the notes agreed upon had been delivered to the plaintiffs, and they had refused to enter satisfaction on the judgment, the defendants would have been entitled to set off any damages, sustained by reason of the breach of contract.

Claridge *v.* Klett, 3 *Harris* 255, explained.

Where there was a verdict in favour of the plaintiffs, subject to the opinion of the court below on points reserved, upon which judgment was entered; and the court subsequently granted the defendants leave to move for a new trial *nunc pro tunc;* on the hearing of which, they discharged the rule for a new trial, and entered judgment for the defendants on the points reserved; this court, on reversing the latter judgment, will not award a *venire de novo.*

Wharton *v.* Williamson, 1 *Harris* 273, considered.

ERROR to the District Court of *Philadelphia.*

This was an action of *assumpsit* by Frederick Klett & Co., against William R. Claridge and James W. Rudolph, late trading

[Klett *et al. v.* Claridge *et al.*]

as Claridge & Rudolph, on a promissory note, of which the following is a copy:—

" $1000.　　　　　Philadelphia, September 2d, 1848.

" One year after date, we promise to pay to the order of Edwin Young, one thousand dollars, without defalcation, value received.

"　　　　　　CLARIDGE & RUDOLPH.

(Endorsed) " EDWIN YOUNG."

The case was previously before this court, and is reported in 3 *Harris* 255.

On the trial of the cause, the defendants gave in evidence the following agreement, without date :—

"For and in consideration of a note drawn by Claridge & Rudolph, and endorsed by Edwin Young, for one thousand dollars, payable one year from September 2d, 1848 (being on account of our claim), we do agree to stop proceeding in a certain judgment now in the hands of the sheriff, pending against them, and do agree to enter satisfaction, when notes to be agreed upon are given.

"　　　　　　FREDERICK KLETT & Co."

It was also shown that satisfaction on the judgment referred to in this agreement had been entered, but not until after the institution of the present suit; and that the note sued upon was the one therein mentioned.

The learned judge reserved for the consideration of the court in *banc* the following questions, viz. :—

1. Whether the said agreement of plaintiffs to enter satisfaction on said judgment was a condition precedent to the right to maintain this action, &c.

2. Whether the entering of satisfaction after suit was commenced by the plaintiffs, was not a sufficient compliance with their duty, either in law or equity, to enable them to maintain this said action.

The jury found a verdict for the plaintiffs for $1215.70, subject to the opinion of the court on the points reserved; and on the 6th June 1856, no motion for a new trial having been made, in accordance with the rule of the District Court, judgment was entered on the verdict.

On the 9th June 1856, the court granted leave to the defendants to move for a new trial *nunc pro tunc;* and subsequently discharged the rule for a new trial, and entered judgment for the defendants on the points reserved; to which the plaintiffs excepted, and here assigned for error: 1. The granting of leave to move for a new trial *nunc pro tunc.* 2. The judgment for the defendants on the points reserved.

*B. Woodward* and *Earle*, for the plaintiffs in error, cited Pordage *v.* Cole, 1 *Saund.* 319 *i;* Thorp *v.* Thorp, 12 *Mod.* 460 ; Terry

[Klett *et al.* v. Claridge *et al.*]

v. Duntze, 2 *H. Bl.* 389 ; Boone v. Eyre, 1 *Id.* 273 n. ; Campbell v. Jones, 6 *T. R.* 570 ; 3 *M. & S.* 30 ; Havelock v. Geddes, 10 *East* 563 ; Davidson v. Gwynne, 12 *Id.* 386 ; Fothergill v. Walton, 8 *Taunt.* 575 ; 2 *Moore* 650 ; Bream v. Marsh, 4 *Leigh* 21 ; Bennett v. Pixley's Executors, 7 *Johns.* 249 ; Obermyer v. Nichols, 6 *Binn.* 159.

*R. J. Arundel* and *Tennery*, for the defendants in error.—This is an effort to reverse the previous decision of this court in the same case : Claridge v. Klett, 3 *Harris* 255. It was supposed the case had been settled by that decision. The authorities cited on the former argument are relied on to sustain the ruling of the District Court : Denniston v. Bacon, 10 *Johns.* 198 ; Mason v. Hunt, *Doug.* 297 ; Roberts v. Eden, 1 *Bos. & Pul.* 398 ; Frisbie v. Hoffnagle, 11 *Johns.* 50 ; Jones v. Caswell, 3 *Johns. Cas.* 29 ; Tappen v. Van Waggenen, 3 *Johns.* 465 ; Braman v. Hess, 13 *Id.* 52 ; Skilding v. Haight, 15 *Id.* 270 ; Stow v. Wadley, 8 *Id.* 124 ; Petry v. Christy, 19 *Id.* 53 ; Jefferies v. Austin, *Str.* 674 ; Dundas v. Sterling, 4 *Barr* 73 ; Phillips v. Lawrence, 6 *W. & S.* 150 ; Carman v. Ins. Co., *Id.* 155 ; Ellmaker v. Ins. Co., *Id.* 439 ; Henry v. Sims, 1 *Wh.* 187 ; Steigleman v. Jeffries, 1 *S. & R.* 477 ; Gogel v. Jacoby, 5 *S. & R.* 122 ; Morgan v. Bank N. A., 8 *S. & R.* 88 ; Murray v. Williamson, 3 *Binn.* 135 ; Shaw v. Badger, 12 *S. & R.* 275 ; Light v. Stoever, *Id.* 431 ; Bayne v. Gaylord, 3 *Watts* 301 ; Peterson v. Haight, 1 *Miles* 250.

This court will not review the granting of leave to move for a new trial *nunc pro tunc;* that was a matter of discretion : Jordan v. Meredith, 3 *Yeates* 318 ; Commonwealth v. Eberle, 3 *S. & R.* 9 ; Steinmetz v. Currey, 1 *Dall.* 234.

The opinion of the court was delivered by

LEWIS, C. J.—The note of 2d September 1848, given by the defendants to Edwin Young, and by him endorsed to the plaintiffs, was sufficient to enable the plaintiffs to maintain an action on it.

The agreement, signed by the plaintiffs, in which they acknowledged the receipt of the note *on account of their claim*, and agreed to stop proceedings on a certain judgment now in the hands of the sheriff, pending against the defendants, " to enter satisfaction when notes to be agreed upon are given," constituted, of itself, no defence against the note. If the defendants had shown that the notes to be agreed on had been delivered to the plaintiffs, and that the latter had refused to enter satisfaction on the judgment, the defendants would have been entitled to set off any damages which they might have sustained by reason of the breach of the contract. This was all that was claimed in the affidavit of the defendants when this cause was here before : 3 *Harris* 255. It is not necessary to decide upon all the views taken of the case by

[*Klett et al. v. Claridge et al.*]

Mr. Justice COULTER. It is certain that he went further in favour of the defendants, than they claimed for themselves in their affidavit. It is sufficient to say, that the decision then given was founded on an affidavit averring that *the defendants had given the notes to be agreed on, as required by the plaintiffs.* But, on the trial of the cause, the defendants entirely failed to make proof of any such fact. They had no right to require satisfaction to be entered until they were ready to give the notes. If they could prevent the plaintiffs from suing on the note already given "on account," until they gave the additional notes to be agreed on, and could also stop the plaintiffs from proceeding on their judgment, the plaintiffs would have no remedy whatever for their just claim; they would be entirely in the power of their own debtors. This is inverting the natural course of proceedings, contrary to the plain intention of the parties, and against the manifest justice of the case. The court below fell into error in supposing that the mere agreement, without performance, or offer of performance, by the defendants, took away the right to maintain this action; and also in supposing that the facts stated in the second question reserved entitled the defendants to judgment. On this record, the presumption is that satisfaction was entered on the judgment, *when the notes were given.* If this was not before this suit was brought, the defendants must bear the consequences of it, for it was their own fault—they ought to have tendered the notes sooner.

We are aware that the counsel for the defendants in error rely upon facts which do not appear in the bill of exception. But, in this court, we must take the case as it appears on the record.

The judgment of the 5th July 1856, for the defendants, on points reserved, is to be reversed, and the record remitted for further proceedings, according to law, on the judgment entered on the verdict on the 6th June 1856. If the defendants below have any errors to assign against that judgment, they can proceed by writ of error. If no such judgment appeared on the record, it would be the duty of this court, under the peculiar circumstances of the case, to remit the record to the court below for further proceedings on the verdict, according to law. Where the verdict is not shown to be erroneous, and is therefore permitted to stand unreversed, a *venire de novo* would be irregular. A *venire de novo* was awarded in Wharton *v.* Williamson, 1 *Harris* 273, because the court below had set aside the verdict. Here the verdict and judgment thereon appear to be perfectly correct, so far as we perceive from anything at present on the record.

> It is ordered that the judgment of the 5th July 1856, in favour of the defendants below, on the points reserved, be reversed. It is further ordered, that the record be remitted for further proceedings according to law, on the judgment entered for the plaintiff below, on the 6th June 1856.